**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4616

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAKOTA BRIAN WHETZEL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00004-GMG-RWT-1)

_____

Submitted:  December 16, 2024                              Decided:  February 4, 2025

_____

Before THACKER and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Aaron D. Moss, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dakota Brian Whetzel pleaded guilty, pursuant to a plea agreement, to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), 2252A(b)(2). The district court sentenced Whetzel to 87 months' imprisonment and a lifetime term of supervised release, and Whetzel now appeals. On appeal, Whetzel's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the court properly considered Whetzel's nonfrivolous mitigation arguments in favor of a lower sentence. Whetzel filed a pro se supplemental brief, raising challenges to the reasonableness of his sentence. The Government has moved to dismiss the appeal based on the appellate waiver in Whetzel's plea agreement. For the following reasons, we affirm in part, dismiss in part, and remand for correction of a clerical error.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Our review of the record confirms that Whetzel knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions to the waiver not applicable here. We therefore conclude that the waiver is valid and enforceable. Moreover, the challenges to the sentence that Whetzel seeks to raise on appeal fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm. We remand this case, however, so that the district court may amend the criminal judgment to address a clerical error in the fifth special condition of supervised release. Specifically, at the sentencing, the court stated in the fifth special condition of supervised release that Whetzel must not engage in any occupation, business, profession, or volunteer activity that would require him to have authority over a minor without the probation officer's approval. The written judgment omits the word "not" from this condition. We therefore remand to the district court for correction of this clerical error. *See* Fed. R. Crim. P. 36.

This court requires that counsel inform Whetzel, in writing, of the right to petition the Supreme Court of the United States for further review. If Whetzel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Whetzel.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*